Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA; BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND<br><br>Plaintiffs,<br><br>vs.<br><br>BLISS EXHIBIT SERVICES, LLC, a Nevada limited liability company,<br><br>Defendant. | CASE NO.: 2:23-cv-01625-JAD-EJY<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court is the Plaintiffs', Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and Board of Trustees of the Teamsters Convention Industry Training Fund (collectively referred to as the "Trust Funds") request for entry of Default Judgment against Defendant Bliss Exhibit Services, LLC ("Bliss Exhibit"). Default having been entered against Defendant, the Court having reviewed the Plaintiffs' Motion, being fully advised, and good cause appearing, the Court now makes the following findings of facts and conclusions of law.

**I.   Findings of fact.**

  1.   Plaintiffs are the Trust Funds and are fiduciaries for purposes of the Employee

1

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1500.

2. Bliss Exhibit acted as an employer within the State of Nevada employing persons ("Covered Employees") who perform work covered by a collective bargaining agreement ("CBA") between Bliss Exhibit and the International Brotherhood of Teamsters Local 631 ("Union").

3. The CBA requires Bliss Exhibit to make employee benefit contributions to the Trust Funds on behalf of its Covered Employees.

4. The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

5. The Trust Funds are established by Trust Agreements ("Trust Agreements").

6. The CBA, the Trust Agreements, and 29 U.S.C. § 1145 require each employer, including Bliss Exhibit, to make timely contributions to the Trust Funds on behalf of each employee who performs work covered by the CBA.

7. The Trust Agreement and 29 U.S.C. § 1132(g) provide for assessment of audit fees, court costs, expenses, interest, attorneys' fees, and liquidated damages against an employer in the event the employer defaults in making payments to the Trust Funds and legal proceedings are required to recover such payments.

8. Bliss Exhibit has failed to meet its obligations to remit employee benefit contributions to the Trust Funds as set forth in the CBA and Trust Agreements, and as required by 29 U.S.C. § 1145.

9. As a result of its delinquency, Bliss Exhibit is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, audit fees, and attorneys' fees.

**II.   Conclusions of Law.**

1. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

2. Federal Rule of Civil Procedure 55(b)(2) permits a court to grant default judgment against a defendant who has failed to plead or defend an action. To determine whether a default judgment is appropriate, courts may consider the following factors:

2

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

3. As to the first factor, the Trust Funds will suffer prejudice if default judgment is not entered because they "will likely be without other recourse for recovery if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nev. Dec. 7, 2016) (*citing Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F.Supp.3d 1308, 1318 (D. Nev. July 8, 2013)) (internal quotation marks omitted). Bliss Exhibit has failed to meet its obligations to remit employee benefit contributions and has failed to participate in this action. Despite clear orders from this Court, Bliss Exhibit refused to obtain counsel to defend itself in this action as required by relevant case law. Therefore, because the Trust Funds will have no recourse against Bliss Exhibit unless default judgment is granted, the first *Eitel* factor favors the entry of default judgment.

4. The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471–72. The undisputed facts in this case demonstrate that Bliss Exhibit failed to meet its obligations to remit employee benefit contributions to the Trust Funds, as required under the CBAs and Trust Agreements. As a result, Bliss Exhibit is liable to the Trust Funds for unpaid contributions, interest, liquidated damages, audit fees and attorneys' fees. 29 U.S.C. § 1132(g)(2). Thus, because Bliss Exhibit had default entered against it, it has admitted these facts, which should be taken as true. The second and third *Eitel* factors therefore favor the entry of default judgment.

5. The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on an Audit performed by an independent auditor hired by the Trust Funds. Moreover, the damages in this case are also dictated by statute. ERISA states that, in cases like this one, courts shall award unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and the costs of the action, and other legal or equitable relief that the court determines appropriate. 29 U.S.C. § 1132(g)(2). This factor also favors the entry of default judgment.

6. Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because Bliss Exhibit has had a default entered against it, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

7. The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. The Complaint was filed on October 9, 2023. (ECF No. 1). A Summons was issued to Bliss Exhibit on October 10, 2023 (ECF No. 3), and the registered agent accepted service of the Summons and Complaint on October 11, 2023. (ECF No. 5). Bliss Exhibit then filed a fugitive document in the form of a pro se answer, despite being a corporation, which is required to be represented by counsel (ECF No. 11). The Trust Funds were forced to file a Motion to Strike, which resulted in the Court ordering Bliss Exhibit to obtain counsel and properly file an answer. (ECF No. 15). Bliss Exhibit failed to follow the Court's orders, which led to its failure to adequately plead or otherwise defend the suit, resulting in the entry of default on March 6, 2024. (ECF No. 21). In short, there is no evidence that Bliss Exhibit's default was the result of excusable neglect. The sixth *Eitel* factor favors the entry of a default judgment.

8. The seventh, and final, *Eitel* factor also weighs in favor of entering default judgment. Despite the general policy that cases "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002). "Thus, the

4

preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (*citing Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)) (internal quotation marks omitted). Therefore, this factor also weighs in favor of the entry of a default judgment.

9. The damages set forth by the Trust Funds' and their corresponding calculations are supported by the Trust Agreements, the Trust Funds' Collection Policy, and 29 U.S.C. 1132(g)(2).

For the reasons stated in the motion and at the 6/10/24 hearing on the motion, **IT IS HEREBY ORDERED** that **judgment is awarded in favor of the plaintiffs and against Defendant Bliss Exhibit** for delinquent employee benefit contributions ($8,367), liquidated damages ($7,578), interest ($7,578), audit fees ($3,427) and attorneys' fees and costs ($17,791), minus $5,000 for the Trust Funds' previous application of Bliss Exhibit's cash bond, **for a total of $39,741. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 24, 2024

5