Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com
Email: wnobriga@bhfs.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA and BOARD OF TRUSTEES OF THE TEAMSTERS CONVENTION INDUSTRY TRAINING FUND,<br><br>Plaintiffs,<br><br>v.<br><br>BLISS EXHIBIT SERVICES, LLC, a Nevada limited liability company,<br><br>Defendant. | CASE NO.: 2:23-cv-01625-JAD-EJY<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST GARNISHEE DEFENDANT WILLWORK, INC.**<br><br>ECF No. 33 |

Before the Court is the Plaintiffs', Boards of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and of the Trustees of the Teamsters Convention Industry Training Fund ("Trust Funds") Application for Default Judgment (the "Application") Against Garnishee Defendant, Willwork, Inc. ("Willwork"). The Court having reviewed the Trust Funds' Application, being fully advised, and good cause appearing, now makes the following findings of facts and conclusions of law.

///

34189153.1

I.  **Findings of Fact.**

1. On July 24, 2024, the Court entered judgment against Bliss Exhibit Services, LLC ("Bliss"), and in favor of the Trust Funds. *See* ECF No. 27.

2. On August 28, 2024, this Court issued a writ of execution to enforce the judgment against Bliss. *See* ECF No. 29.

3. On December 17, 2024, the Trust Funds conducted a judgment debtor examination. During the judgment debtor examination, it was uncovered that Willwork worked with Bliss on several projects and likely had property or money in its possession belonging to Bliss.

4. As a result, the Trust Funds issued a writ of garnishment to Willwork, in accordance with NRS 31.450.

5. The writ of garnishment specifically stated, as required by NRS 31.260(2), that if Willwork failed to answer the interrogatories contained within the writ of garnishment, "a judgment by default will be rendered against [Willwork] for the amount of $39,741."

6. The writ of garnishment was served on Willwork by the sheriff on January 16, 2025.

7. To date, Willwork has failed to answer the interrogatories or otherwise respond to the writ of garnishment.

8. Despite being served with the instant Application, Willwork has failed to appear and oppose or otherwise respond to the application. *See* ECF No. 34.

II. **Conclusions of Law.**

1. Federal Rule of Civil Procedure 69(a)(1) provides that procedure on enforcing money judgments and "proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located. . . ."

2. In Nevada, any person "having a judgment remaining unsatisfied in any court of record in the State," may, "without application to the court, have a writ of garnishment issued," against "any third person as garnishee, for the security of such judgment[.]" NRS 31.450.

2

34189153.1

3. The writ of garnishment must be served by the sheriff and must include "[t]he amount demanded in the writ of garnishment[.]" NRS 31.260(1)-(2), 2(a).

4. Once the writ of garnishment is issued, the garnishee must submit "an answer to the interrogatories within 20 days after service of the writ upon the person." NRS 31.260(1)(e).

5. If the garnishee fails to submit answers within that timeframe, "the garnishee shall be deemed in default." NRS 31.290(2).

6. If the garnishee is in default by failing, neglecting, or refusing to answer the writ of garnishment, then the court must enter a judgment against the garnishee for "[t]he value of the property or amount of money specified in the writ of garnishment." NRS 31.320(1)(a).

7. As the Nevada Supreme Court has explained, failure to answer a writ of garnishment mandates the issuance of a judgment against the garnishee for the underlying judgment amount:

> When a writ of garnishment is served, the garnishee defendant then has 20 days to answer statutorily specified interrogatories. If a properly served garnishee defendant fails to answer the interrogatories, the court must enter judgment for the garnished amount "in favor of the defendant for the use of the plaintiff against the garnishee."

*Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 124 Nev. 1206, 1214, 197 P.3d 1051, 1056 (2008); *see also Kaplan v. Miller*, No. 2:15-CV-1395-JCM-PAL, 2017 WL 520550, at *3 (D. Nev. Feb. 7, 2017) (holding that the failure to respond to a writ of garnishment mandated that a judgment issue because "[i]n light of NRS 31.320's imperative construction, this court is obligated to grant the requested relief."); *Henry v. Rizzolo*, No. 2:08-CV-00635-PMP, 2013 WL 636734, at *3 (D. Nev. Feb. 20, 2013) ("Plaintiffs could have applied to the District Court for a judgment pursuant to NRS § 31.320 when Transamerica did not submit answers to interrogatories within 20 days of being served with the writ of garnishment.").

8. The Trust Funds have demonstrated that Willwork was served with the writ of garnishment, by the sheriff, on January 16, 2025. Willwork did not answer the writ of garnishment within the required timeframe.

34189153.1

9. Willwork has not appeared to oppose or otherwise contest the instant Application, and has thereby consented to this Court granting the Application by operation of the Local Rules. *See* LR 7-2(e).

10. Therefore, entry of judgment for the underlying amount of the judgment against Willwork is mandated by NRS 31.320(1)(a).

**IT IS HEREBY ORDERED** that the motion for default judgment against garnishee Willwork, Inc. **[ECF No. 33] is GRANTED; the Clerk of Court is directed to ENTER JUDGMENT** against Garnishee Defendant, Willwork, Inc. in the amount of $39,741.

DATED this 7th day of July, 2025

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted by:
BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes, Esq., Nevada Bar No. 12782
William D. Nobriga, Esq., Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

*Attorneys for Plaintiffs*

4

34189153.1